IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 24-cv-03066-REB-SBP

VIRGINIA CHAU,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, *et al.*,

      Defendants.

---

## ~~JOINT~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Telephonic Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for 11:00 a.m., March 5, 2025, and will be conducted with Magistrate Judge Susan Prose. Appearing for the parties are:

| | |
|---|---|
| David A. Lane<br>Liana Orshan<br>KILLMER LANE, LLP<br>1543 Champa Street, Suite 400<br>Denver, Colorado 80202<br>Phone: 303-571-1000, Fax: 303-571-1001<br>dlane@killmerlane.com<br>lorshan@killmerlane.com | Sherri Catalano<br>Kristin George<br>Denver City Attorney's Office<br>Employment and Labor Law Section<br>201 W. Colfax Ave., Dept. 1108<br>Denver, Colorado 80202<br>Telephone: (720) 913-3125<br>sherri.catalano@denvergov.org<br>kristin.george@denvergov.org |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## 2. STATEMENT OF JURISDICTION

This action arises pursuant to 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution.

This Court has subject matter jurisdiction over his matter pursuant to 28 U.S.C. § 1331.

This Court has personal jurisdiction over Defendants, who reside in and conduct business in the District of Colorado.

Venue is proper in the District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because the unlawful practices alleged herein occurred within the District of Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff**:  For four years, from 2018 through 2022, Ms. Chau was employed as a Voting Service Polling Center ("VSPC") Supervisor for Denver Elections Division, a division of the Office of the Clerk and Recorder, an agency of Defendant City and County of Denver ("Denver"). In 2022, Ms. Chau appeared on *The Problem with Jon Stewart* and spoke about her personal experience as an Asian-American woman working at a voting center in 2022 America. Speaking as a private citizen, Ms. Chau raised concerns about threats against elections officials and the lack of training provided to those who work hard to ensure that our elections are safe, fair, and accurate. At no time did Ms. Chau ever represent that she was speaking on behalf of Denver. Solely due to Ms. Chau's statements on the show, Defendants Denver, Paul López, who was the elected Clerk and

Recorder, and R. Todd Davidson, who was the Director of the Elections Division, terminated Ms. Chau from her position as a VSPC Supervisor.

Ms. Chau was fired only one week after she appeared on the show, during a meeting with Defendant Davidson in which he told her that Defendants and other Denver election officials were "disappointed" in Ms. Chau's comments. Defendant Davidson made clear he had discussed the issue with Defendant López, who joined in the decision. Defendant Davidson offered Ms. Chau a demotion to hotline representative, explicitly because no member of the public would see her in that job and recognize her from the show. Ms. Chau asked Defendant Davidson if she was being removed from public view because, as an Asian female, she might be recognizable to anyone who had seen the show. Defendant Davidson responded that Defendants did not "want people to recognize [her] from the show." Defendant Davidson also told Ms. Chau that Defendants did not think they would be willing to have her back as a VSPC supervisor in the future. Ms. Chau refused Defendants' offered demotion. Since her termination, Defendants have not offered Ms. Chau the opportunity to return to election work.

Defendants' termination of Ms. Chau constituted unlawful retaliation against Ms. Chau, who exercised her right to free speech when she spoke out as a private citizen about issues of public concern regarding dangers to and mistreatment of election judges, and violated the First Amendment to the United States Constitution. Ms. Chau brings two claims against Defendants under 42 U.S.C. § 1983: violation of her First Amendment free speech rights and First Amendment retaliation. She seeks monetary damages and injunctive relief.

**Defendant:** Defendant denies that Plaintiff engaged in protected speech under the First Amendment, as Plaintiff was speaking as a government employee about her job duties, not as a private citizen. Defendant denies that it terminated or demoted Plaintiff; rather Defendant reassigned Plaintiff to a job with the same pay and benefits, and comparable duties. Defendant denies that it violated the First Amendment, or retaliated against Plaintiff in retaliation of exercising her First Amendment rights, or deprived Plaintiff of any clearly established Constitutional rights. Further, Plaintiff cannot establish any economic damages, as she voluntarily resigned after declining her reassignment.

### 4. UNDISPUTED FACTS

1. Plaintiff Virginia Chau is a citizen of the United States and was at all times a resident of and domiciled in the State of Colorado.

2. Defendant City and County of Denver is a consolidated city and county in Colorado.

3. Denver Elections Division oversees elections in the City and County of Denver and is a division of the Office of the Clerk and Recorder, which is an independent agency of Defendant City and County of Denver.

4. At all times relevant to this action, Defendant Paul López was the elected Clerk and Recorder of the City and County of Denver.

5. Defendant López was vested by the City and County of Denver with authority to set and implement all policies and make all operational decisions related to the Elections Division.

6. At all relevant times, Defendant López was acting under color of state law

4

and in his capacity and within the scope of his employment as Clerk and Recorder.

7. At all times relevant to the subject matter of this Complaint, Defendant R. Todd Davidson was the Director of Denver Elections Division.

8. Defendant Davidson reported directly to Defendant López and was responsible for, among other things, directing the registration, voting, and election activities for City and County of Denver, implementing election-related policies, and supervising and training all staff and personnel within Denver Elections Division.

9. At all relevant times, Defendant Davidson was acting under color of state law and in his capacity and within the scope of his employment as Director of Denver Elections Division.

10. Plaintiff was a VSPC Supervisor from 2018 to 2022 and worked on eight separate elections.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

Plaintiff seeks all appropriate relief at law and equity; declaratory relief and other appropriate equitable relief, including reinstatement to her position as VSPC Supervisor; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate

5

lawful rate; and any further relief that this court deems just and proper, and any other relief as allowed by law.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages, in that the Individual Defendants' actions were taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

Plaintiff's damages are not of the type that can be tallied here. Plaintiff has claims for emotional distress damages. These are not quantifiable other than by a jury. Undersigned counsel will provide Defendants in this matter with whatever quantifiable evidence is obtained to show measurement of damages, but civil rights violations like this are not given to easy description of losses and instead require that the jury announce their value.

A more precise computation of Plaintiff's damages, to the extent her damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

**Defendants:** Defendant is not seeking damages but will seek its costs if it prevails on a dispositive motion or at trial.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Fed. R. Civ. P. 26(f) meeting was conducted via telephone conference between counsel on **February 10, 2025**.

b. Participants in the meeting were as follows:

6

    1. David Lane and Liana Orshan of Killmer Lane, LLP, for Plaintiff;

    2. Sherri Catalano and Kristin George, for Defendants.

c. The parties will make their Rule 26(a)(1) disclosures on or before **February 26, 2025**.

d. The parties do not have any proposed changes to the timing or required disclosures under Fed. R. Civ. P. 26(a)(1).

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to take all reasonable steps to reduce costs to discovery, including using a unified exhibit numbering system.

g. The parties anticipate that their claims or defenses will involve the discovery of some electronically stored information. To the extent that discovery or disclosures involves information or records in electronic form, the Parties will take steps to preserve that information. The Parties agree that, to the extent feasible, the Parties will exchange information (whether in paper or electronic form) in PDF format, in accordance with the anticipated Stipulated Protective Order, and the protections afforded to confidential materials exchanged in discovery.

h. The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, but at this juncture settlement appears premature. The parties will continue to work together in good faith to determine whether the matter can be resolved. To the extent there is a settlement meeting, the parties will report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

Each side will be limited to seven (7) depositions.

Plaintiff may serve 30 interrogatories, including discrete subparts, collectively to Defendants. Defendants collectively may serve 30 interrogatories, including discrete subarts, to Plaintiff.

b. Limitations which any party proposes on the length of depositions: The Parties do not propose any modifications to the limitations on the length of depositions. A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2).

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: Plaintiff may serve 20 Requests for Production to Defendant Denver and 5 Requests for Production each to Defendant López and Defendant Davidson. Plaintiff may serve a total of 25 Requests for Admission to Defendants collectively. Defendants collectively may serve a total of 30 Requests for Production and 25 Requests for Admission to be answered by Plaintiff.

d. Deadline for service of Interrogatories and Requests for Production of Documents and/or Admissions: The last written discovery requests shall not be served upon any adverse party any later than ~~forty-five (45) days prior to discovery cut off~~ September 9, 2025.

   e. Other Planning or Discovery Orders

No party or witness shall bring or wear a gun to his or her deposition.

## 9. CASE PLAN AND SCHEDULE

   a. Deadline for Joinder of Parties and Amendment of Pleadings: **April 20, 2025**.

   b. Discovery Cut-off: **October 24, 2025**.

   c. Dispositive Motion Deadline/Deadline for Motions Pursuant to Fed. R. Evid. 702: **December 12, 2025**

   d. Expert Witness Disclosure**:**

      1. (a) Plaintiff anticipates she may retain experts in the following areas: psychologist, psychiatrist, or other expert to testify regarding emotional distress and/or other non-economic damages; and any expert necessary for rebuttal and/or impeachment purposes. Plaintiff may call experts in other areas as well.

      (b) Defendants anticipate calling experts in the following fields: Any areas identified by Plaintiff.

      2. The Parties agree to limit the number of retained affirmative experts to two (2) per side.

      3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 25, 2025**.

      4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 22, 2025**.

e. Identification of Persons to Be Deposed[1]:

Plaintiff:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Paul López | TBA | TBA | 4 hours |
| R. Todd Davidson | TBA | TBA | 4 hours |
| Rule 30(b)(6) Representative of Denver | TBA | TBA | 4 hours |

Defendants:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Virginia Chau | TBA | TBA | 7 hours |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.
None at this time. Future status conferences may be set at the request of the parties or the Court.

b. ~~A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

Counsel shall contact Judge Blackburn's chambers by email (Blackburn_Chambers@cod.uscourts.gov) within two business days of the Scheduling Conference to obtain dates for a final pretrial/trial preparation conference and trial.

## 11. OTHER SCHEDULING MATTERS

---

[1] The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures, discovery responses, and through the course of discovery.

    a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: none.

    b. The parties anticipate that the jury trial will take five (5) days.

    c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

  The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

  Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

  With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

  Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of <u>good</u> <u>cause</u>.

DATED at Denver, Colorado, this 5th day of March, 2025.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ David A. Lane* | *s/ Sherri Catalano* |
| David A. Lane | Sherri Catalano |
| Liana Orshan | Kristin George |
| Killmer Lane, LLP | Denver City Attorney's Office |
| 1543 Champa Street, Suite 400 | Employment and Labor Law Section |
| Denver, CO  80202 | 201 W. Colfax Ave., Dept. 1108 |
| Phone: (303) 571-1000 | Denver, Colorado 80202 |
| Facsimile: (303) 571-1001 | Telephone: (720) 913-3125 |
| dlane@killmerlane.com | sherri.catalano@denvergov.org |
| lorshan@killmerlane.com | kristin.george@denvergov.org |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |